STATE OF NORTH CAROLINA
v.
LORENZO M. DUARTE
No. COA04-1455-2
Court of Appeals of North Carolina
Filed January 6, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Daniel P. O'Brien, for the State.
William D. Auman, for defendant-appellant.
JACKSON, Judge.
This case is heard on remand from the Supreme Court. A more complete recitation of the facts may be found in the original opinion, State v. Duarte, 174 N.C. App. 626, 621 S.E.2d 342, 2005 WL 3046374 (2005) (unpublished). However, for the convenience of the reader, we present below a summary of the facts pertinent to the issue before us on remand. On 10 March 2004, Lorenzo M. Duarte ("defendant") was convicted by a jury of second degree murder in the death of Teresa Williams ("Williams"). Williams and defendant shared a room in a boarding house. In the early morning hours of 23 April 2003, police officers found Williams lying in bed, semi-conscious, with a stab wound to her left breast. After arriving at the hospital, Williams was pronounced dead. Williams' autopsy found that she had high concentrations of alcohol and cocaine in her blood. Police recovered two knives from the scene  a lock-blade knife found beside Williams' head, and a kitchen knife with an eight inch blade found under the corner of a microwave.
Four days prior to Williams' death, police had been called to the boarding house in reference to a domestic disturbance, at which time officers found Williams bleeding from the nose and mouth. Although defendant was arrested for domestic violence, Williams bailed him out of jail on 21 April 2003.
Defendant appealed his conviction in part upon the contention that the trial court erred in sentencing him in the aggravated range when the aggravating factor  that the offense had been committed while defendant was on pretrial release  had not been found beyond a reasonable doubt by a jury. He argued that the imposition of an aggravated sentence under the circumstances of this case was contrary to the decision of the United States Supreme Court in Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). In Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435 (2000), the United States Supreme Court had held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 147 L. Ed. 2d at 455. Blakely clarified that "the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. at 303-04, 159 L. Ed. 2d at 413-14 (emphasis in original).
Pursuant to Apprendi and Blakely, our Supreme Court held in State v. Allen, 359 N.C. 425, 615 S.E.2d 256 (2005), withdrawn, 360 N.C. 569, 635 S.E.2d 899 (2006), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." Id. at 437, 615 S.E.2d at 265 (citations omitted). The Allen Court also held unequivocally that Blakely errors under our Structured Sentencing Act are structural errors, reversible per se. Id. at 444, 615 S.E.2d at 269. Based upon the Allen decision, this Court remanded the case sub judice for resentencing.
Subsequently, the United States Supreme Court issued its opinion in Washington v. Recuenco, 548 U.S. 212, 165 L. Ed. 2d 466 (2006), holding that Blakely errors were not structural errors. Id. at 222, 165 L. Ed. 2d at 477. In State v. Blackwell, 361 N.C. 41, 638 S.E.2d 452 (2006), cert. denied, ___ U.S. ___, 167 L. Ed.2d 1114 (2007), our Supreme Court re-examined a Blakely error in light of Recuenco and determined that the error was harmless beyond a reasonable doubt. Id. at 42, 638 S.E.2d at 453.
"In conducting harmless error review, we must determine from the record whether the evidence against the defendant was so `overwhelming' and `uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." Id. at 49, 638 S.E.2d 458 (citations omitted). Here, the aggravating factor found by the judge, but not the jury, was that the crime was committed while defendant was on pre-trial release. It is clear that defendant was arrested for domestic violence only four days prior to the murder. Williams bailed him out of jail two days prior to the murder. It is difficult to fathom how the jury could not have found, beyond a reasonable doubt, that the crime was committed while defendant was on pre-trial release. Therefore, the error was harmless beyond a reasonable doubt.
For the foregoing reasons, to the extent that our prior decision remanded this case for resentencing, that portion of our prior opinion is vacated. The remainder of our prior opinion remains in full force and effect.
Affirmed.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).